People v Duffie (2025 NY Slip Op 05250)

People v Duffie

2025 NY Slip Op 05250

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
PAUL WOOTEN
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-05574
 (Ind. No. 73375/22)

[*1]The People of the State of New York, respondent,
v
Leon Duffie, appellant.

Patricia Pazner, New York, NY (Alina R. Tulloch of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Michael Bierce of counsel; Hannah Thomas on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Evelyn Laporte, J.), imposed May 25, 2023, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545). Among other things, during the appeal waiver colloquy, the Supreme Court stated that the defendant was giving up his right to appeal "any issues that may arise from this case" and that if he had not signed a written waiver of the right to appeal and wished to take an appeal, "a lawyer would have been appointed to assist you if you could not afford one" (emphasis added). These statements mischaracterized the appellate rights waived as encompassing an absolute bar to the taking of a direct appeal and the loss of attendant rights to counsel and a waiver of costs, fees, and expenses (see People v Burris, 231 AD3d 1063; People v Alexander, 225 AD3d 890, 891). Under the circumstances of this case, the defendant's execution of a written waiver of the right to appeal did not cure the deficient oral colloquy (see People v Lora, 234 AD3d 873, 874; People v Alexander, 225 AD3d at 891).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., GENOVESI, WOOTEN, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court